IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:95-CR-149-2H

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES KEITH BRYANT, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's request for a reduction in his sentence, filed January 25, 2010 [DE #277]. The government has not responded, and the time for doing so has expired. This matter is, therefore, ripe for adjudication.

With regard to the modification of a previously imposed term of imprisonment, Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Effective March 3, 2008, the United States Sentencing Commission retroactively amended the crack cocaine guideline to reduce the penalties for certain offenses involving crack cocaine.

On September 10, 2009, this court entered an order reducing defendant's sentence as to Count 1 to 292 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive crack cocaine guideline amendment. The defendant's previous sentence as to count 28 remained the same (60 months, to run consecutively to the sentence imposed on count one), for a total term of 352 months. Defendant now asks the court to further reduce his sentence by applying the sentencing guidelines applicable to powder cocaine, which would result in a lower guideline sentencing range than the crack cocaine guidelines under which defendant was sentenced. The relief sought by defendant has not been authorized by the United States Sentencing Commission or by statute. Consequently, defendant's request does not fall within the parameters of 18 U.S.C. § 3582(c)(2) and is, therefore, DENIED.

Inasmuch as defendant's motion could be construed as a motion to reconsider this court's September 10, 2009, order reducing his sentence to a total term of 352 months based on the retroactive crack cocaine guideline amendment, the court has

carefully reviewed defendant's motion, as well as the record in this matter, and finds no reason to alter or amend its judgment.

Defendant's motion [DE #277] is DENIED, and the court's September 10, 2009, order is hereby reaffirmed.

This 7th day of June 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
gb